**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| LIPPERT COMPONENTS MANUFACTURING, INC., *Plaintiff*, | ) | CASE NO. 3:16-cv-00263-RLM-MGG |
| *v.* | ) | **JURY DEMAND** |
| MORRYDE INTERNATIONAL, INC., and MOR/RYDE INC., *Defendants*. | ) | |

**SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Pursuant to Fed. R. Civ. P. 15(a)(2), Plaintiff, Lippert Components Manufacturing, Inc., ("Plaintiff"), files this Second Amended Complaint for Patent Infringement of U.S. Patent Nos. 6,182,401 ("'401 Patent"), 6,176,045 ("'045 Patent"), and 6,598,354 ("'354 Patent") (collectively, the "Asserted Patents") against Defendants MORryde International, Inc. and MOR/ryde Inc. (collectively, the "Defendants"),[1] and alleges as follows:

## I. THE PARTIES

1. Plaintiff is a Delaware corporation with its principal place of business at 3501 County Road 6 E., Elkhart, IN, 46514.

2. Plaintiff is in the business of selling various products, including recreational vehicle components.

[1] Although MOR/ryde, Inc. has filed a motion for summary judgment arguing that it is not an appropriate party to this case, Lippert has not had an opportunity to test the veracity of the evidence on which MOR/ryde, Inc. relies to support its motion. Thus, unless and until the parties resolve their disputes on this issue, Lippert obtains additional discovery that validates the merits of MOR/ryde, Inc.'s motion, or until an order from the Court dismisses MOR/ryde, Inc. from this case, Plaintiff intends to maintain its allegations against MOR/ryde, Inc. As such, this Second Amended Complaint often refers to "Defendants" collectively.

3. On information and belief, Defendant MORryde International, Inc. is an Indiana corporation with its principal place of business at 1966 Sterling Ave., Elkhart, IN, 46516.

4. On information and belief, Defendant MOR/ryde, Inc. is an Indiana corporation with a mailing address of P.O. Box 579, Elkhart, IN, 46515.

5. On information and belief, Defendants are, and have been, engaged in the business of making and selling recreational vehicle components.

## II. JURISDICTION AND VENUE

6. Plaintiff hereby re-alleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1–5, above.

7. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has general personal jurisdiction over the Defendants. On information and belief, the Defendants are incorporated in the State of Indiana and/or have a principal place of business in the State of Indiana and the Northern District of Indiana.

9. Venue is proper in the Northern District of Indiana pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## III. FACTUAL BACKGROUND

10. Plaintiff hereby re-alleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1–9, above.

### A. The Asserted Patents

#### 1. The ’401 Patent

11. The ’401 Patent, entitled “Retractable Room Support Mechanism,” was duly and legally issued by the United States Patent and Trademark Office (“PTO”) on February 6, 2001 to

inventors Patrick W. McManus, James E. Dewald, and Martin P. McManus. A true and accurate copy of the ’401 Patent is attached hereto as Exhibit A.

12. Plaintiff is the assignee of and owns all rights and interest in the ’401 Patent, and Plaintiff has the right to sue for any infringement thereof.

**2. The ’045 Patent**

13. The ’045 Patent, entitled “Retractable Room Support Mechanism,” was duly and legally issued by the PTO on January 23, 2001 to inventors Patrick W. McManus, James E. Dewald, and Martin P. McManus. A true and accurate copy of the ’045 Patent is attached hereto as Exhibit B.

14. Plaintiff is the assignee of and owns all rights, title, and interest in the ’045 Patent, and Plaintiff has the right to sue for any infringement thereof.

**3. The ’354 Patent**

15. The ’354 Patent, entitled “Retractable Room Support Mechanism,” was duly and legally issued by the PTO on July 29, 2003 to inventors Patrick W. McManus, James E. Dewald, and Martin P. McManus. A true and accurate copy of the ’354 Patent is attached hereto as Exhibit C.

16. Plaintiff is the assignee of and owns all rights, title, and interest in the ’354 Patent, and Plaintiff has the right to sue for any infringement thereof.

**B. Plaintiff’s Products that Embody Subject Matter Claim in the Asserted Patents**

17. Plaintiff sells and/or has sold products in the United States that embody subject matter claimed in the Asserted Patents, including, but not limited to, its recreational vehicle frames with flush floor slide-out technology (the “Lippert Products”).

**C. <u>Defendants' Accused Products</u>**

18. On information and belief, and as more fully explained below (*see* ¶¶ 25–26, 31–32, and 37–38, below), Defendants are directly infringing the Asserted Patents by using finished or nearly finished recreational vehicles (together, "Recreational Vehicles" or a "Recreational Vehicle"), (*see* Declaration of Martin McManus in Support of Plaintiff's Second Amended Complaint ["McManus Decl."] ¶¶ 14–15, attached hereto as Exhibit G), that incorporate one of at least the following products:[2] the Vanleigh Slide-Out Frame (an example of which is shown in Exhibit D, attached)[3] and the Forest River Slide-Out Frame (an example of which is shown in Exhibit E, attached).[4] To be clear, the Vanleigh Slide-Out Frame and the Forest River Slide-Out Frame (together, the "Accused Products") include the structural frame that supports the body of the RV and the slide out room systems and components installed thereon. (*See* McManus Decl. ¶¶ 6–11.)

19. On information and belief, and as more fully explained below (*see* ¶¶ 28–29, 34–35, and 40–41, below), Defendants are also indirectly infringing the Asserted Patents by selling and/or offering to sell at least the Accused Products. (*See* McManus Decl. ¶ 13.)

---

[2] Lippert understands that the Accused Products are manufactured by MORryde's custom chassis division. *See* http://www.morryde.com/division/chassis-division. Because the Accused Products are custom-manufactured products, detailed information about them is not readily available to the public, including Lippert. Therefore, Plaintiff's descriptions of the Accused Products are its own, as the actual brand names and model numbers of the Accused Products are not known to Plaintiff at this time. Plaintiff anticipates learning the actual brand names and model numbers of the Accused Products during discovery.

[3] More specifically, the Vanleigh Slide-Out Frame encompasses any slide-out frames that are the same as or similar to the frames MORryde manufactured or had made and then sold to Vanleigh RV Inc. ("Vanleigh") or manufactures or has made and then sells to Vanleigh.

[4] More specifically, the Forest River Slide-Out Frame encompasses any slide-out frames that are the same as or similar to the frames MORryde manufactured or had made and then sold to Forest River Inc. ("Forest River") or manufactures or has made and then sells to Forest River.

## D. Defendants' Knowledge and Willful Infringement of the Asserted Patents

20. Defendants' infringement of the Asserted Patents was confirmed by Plaintiff in 2015, and, on information and belief, Defendants possibly infringed prior to 2014. On information and belief, the Defendants' infringement has been, and continues to be, willful and deliberate.

21. On information and belief, Defendants, as part and in the course of their business activities, regularly and actively monitor the recreational vehicle industry and competitive intellectual property, such as the Asserted Patents. On information and belief, Defendants knew of the Asserted Patents, listed at http://www.lci1.com/patent-list, and knew that the Lippert Products practiced the Asserted Patents.

22. Therefore, on information and belief, since at least 2015 Defendants have been infringing the Asserted Patents, Defendants knew of the Asserted Patents, and Defendants knew of the subject matter disclosed and claimed therein when they began infringing the Asserted Patents.

23. Plaintiff has suffered and will continue to suffer damages from Defendants' acts of infringement complained of herein.

## IV. COUNT I: INFRINGEMENT OF U.S. PATENT NO. 6,182,401

24. Plaintiff hereby re-alleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1–23, above.

25. On information and belief, each of the Defendants has directly infringed and is still directly infringing at least Claims 1–3, 6, 7, 23–26, and 30–33 of the '401 Patent (the "'401 Claims"), literally or under the doctrine of equivalents, by using Recreational Vehicles that incorporate the Accused Products (the "Subject Recreational Vehicles"), including, without limitation, for purposes of quality-control, product-auditing, and/or testing activities. (*See*

McManus Decl. ¶¶ 14–15; *see also* Ex. A to McManus Decl. (hereinafter, "Forest River Audit Form"), at § Vendor Responsibilities ¶ 1 (relevant only to the Forest River Slide-Out Frame Accused Product).)

26. For example,[5] on information and belief, Defendants directly infringe at least Claim 1 of the '401 Patent because the Defendants use—including, without limitation, for purposes of quality-control, product-auditing, and/or testing activities—the Subject Recreational Vehicles (*see* McManus Decl. ¶¶ 14–15; *see also, e.g.*, Forest River Audit Form, at § Vendor Responsibilities ¶ 1), wherein:

(a) The Subject Recreational Vehicles are a "[t]ransportable living quarters" (*see, e.g.*, Ex. A to the FAPICs, at 1)[6];

(b) The Subject Recreational Vehicles have "a main frame for supporting structure defining a main living area and" (*see, e.g.*, *id.* at 2);

(c) The Subject Recreational Vehicle have "a slide out room assembly being slidable relative to said structure between a retracted position retracted within the main living area and an extended position extended from the main living area to provide an auxiliary living area" (*see, e.g.*, *id.* at 3);

(d) The Subject Recreational Vehicles' structure defining a main living area "includ[es] a main floor supported by said frame" (*see, e.g.*, *id.* at 4);

(e) The Subject Recreational Vehicles' slide out room "includ[es] a slide out room floor movable from a raised position sliding over said main floor as said slide out room slides between the extended and retracted positions to

---

5 For convenience and clarity, Lippert attaches its First Amended Preliminary Infringement Contentions hereto as Exhibit F (hereinafter referred to as "FAPICs").

6 As indicated in its First Amended Preliminary Infringement Contentions (*see, e.g.*, Ex. A to the FAPICs, at 1), Lippert does not concede that any preamble of the Asserted Claims constitutes a claim limitation.

a lowered position vertically displaced relative to the raised position and substantially flush with the main floor as the slide out room moves into the extended position and movable from the lowered to the raised position as the slide out room is moved from the extended position" (*see, e.g.*, *id.* at 5);

(f) The Subject Recreational Vehicles have "an extendable support member mounted on said main frame and connected to said slide out room for supporting the slide out room as the slide out room moves between the retracted and the extended position, the weight of the slide out room being transferrable from said main floor to said extendable support member as said slide out room is moved toward said extended position" (*see, e.g.*, *id.* at 6); and

(g) The Subject Recreational Vehicles' extendable support member is "adapted to deflect in response to said weight transfer by a predetermined amount being substantially equal to the vertical displacement of the room floor to permit said slide out room floor to move to said lowered position, where said slide out room floor and said main floor are substantially flush." (*see, e.g.*, *id.* at 7–8).

27. On information and belief, each of the Defendants has had knowledge of the '401 Patent at least since 2015.

28. The Defendants, since at least 2015, have actively induced and continue to actively induce one or more Third Parties, such as Forest River and Vanleigh, to directly infringe at least the '401 Claims. The Defendants actively induce Third Parties to directly infringe at

least the ’401 Claims by selling or offering to sell such Third Parties the Accused Products (*see* McManus Decl. ¶ 13) and, for example, by providing one or more of instructions, manuals, and technical assistance relating to set up, use, operation, and maintenance of the Accused Products incorporated within Recreational Vehicles. (*See*, *e.g.*, Forest River Audit Form, at § Vendor Responsibilities ¶ 3.) Third Parties directly infringe at least the ’401 Claims by making, using, selling, and/or offering to sell Subject Recreational Vehicles. On information and belief, since at least 2015, the Defendants have actively induced one or more Third Parties to directly infringe at least the ’401 Claims with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of at least the ’401 Claims. The Defendants have intended and intend to cause infringement by these Third Parties.

29. The Defendants, since at least 2015, have contributed and continue to contribute to one or more Third Parties, such as Forest River and Vanleigh, directly infringing at least the ’401 Claims. The Defendants sell and/or offer to sell the Accused Products to Third Parties. (*See* McManus Decl. ¶ 13.) The Third Parties make, use, sell, and/or offer to sell Subject Recreational Vehicles, thereby practicing the invention(s) of the ’401 Patent. The Accused Products constitute a material part of the invention(s) of the ’401 Patent by providing, for example, slide out room and flush floor capability. On information and belief, since at least 2015, each of the Defendants has known, or has been willfully blind to the fact, that the Accused Products Defendants sell and/or offer to sell Third Parties (*see id.*) are especially made and/or adapted for use with and/or in Recreational Vehicles made, used, sold, or offered for sale by Third Parties. Moreover, the Accused Products are neither a staple article of commerce nor are they suitable for substantial noninfringing uses.

## V. COUNT II: INFRINGEMENT OF U.S. PATENT NO. 6,176,045

30. Plaintiff hereby realleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1–29, above.

31. On information and belief, each of the Defendants has directly infringed and is still directly infringing at least Claims 7, 18, 22, 25, 28, and 29 of the ’045 Patent (the "’045 Claims"), literally or under the doctrine of equivalents, by using the Subject Recreational Vehicles, including, without limitation, for purposes of quality-control, product-auditing, and/or testing activities. (*See* McManus Decl. ¶¶ 14–15; *see also* Forest River Audit Form, at § Vendor Responsibilities ¶ 1.)

32. For example, on information and belief, Defendants directly infringe at least Claim 7 of the ’045 Patent because the Defendants use—including, without limitation, for purposes of quality-control, product-auditing, and/or testing activities—the Subject Recreational Vehicles (*see* McManus Decl. ¶¶ 14–15; *see also, e.g.,* Forest River Audit Form, at § Vendor Responsibilities ¶ 1.), wherein:

(a) The Subject Recreational Vehicles are a "[t]ransportable living quarters" (*see, e.g.*, Ex. B to the FAPICs, at 1)[7];

(b) The Subject Recreational Vehicles have "a pair of longitudinally extending main frame members supporting structure defining a main living area" (*see, e.g., id.* at 2);

(c) The Subject Recreational Vehicles have "a slide out room assembly slidable relative to said structure between a retracted position retracted within the main living area and an extended position extended from the

[7] As indicated in its First Amended Preliminary Infringement Contentions (*see, e.g.*, Ex. B to the FAPICs, at 1), Lippert does not concede that any preamble of the Asserted Claims constitutes a claim limitation.

main living area to provide an auxiliary living area" (*see, e.g.*, *id.* at 3);

(d) The Subject Recreational Vehicles' structure defining a main living area "includ[es] a main floor supported by said frame" (*see, e.g.*, *id.* at 4);

(e) The Subject Recreational Vehicles' slide out room "includ[es] a slide out room floor movable from a raised position sliding over said main floor as said slide out room slides between the extended and retracted positions to a lowered position substantially flush with the main floor as the slide out room moves into the extended position and movable from the lowered to the raised position as the slide out room is moved from the extended position" (*see, e.g.*, *id.* at 5);

(f) The Subject Recreational Vehicles have "an outer tubular member rigidly secured to one of said main frame members against movement relative to said one main frame member at a first connection point said first connection point being adjacent one end of said outer tubular member" (*see, e.g.*, *id.* at 6);

(g) The Subject Recreational Vehicles' outer tubular member is "rigidly secured to the other main frame member against movement relative to said other main frame member at a second connection point" (*see, e.g.*, *id.* at 7);

(h) The Subject Recreational Vehicles have "an inner tubular member having one end slidably received within the outer tubular member an opposite end secured to said slide out room" (*see, e.g.*, *id.*, at 8);

(i) The Subject Recreational Vehicles' inner tubular member is "received with clearance within the outer tubular member" (*see, e.g.*, *id.* at 9);

(j) The Subject Recreational Vehicles' outer tubular member has "upper and lower surfaces" (*see, e.g.*, *id.* at 9); and

(k) The Subject Recreational Vehicles' inner tubular member "deflect[s] relative to the outer tubular member by moving through said clearance in response to weight transfer as said slide out room moves toward the extended position such that the inner tubular member moves relative to the outer tubular member to engage said upper surface" (*see, e.g.*, *id.* at 10).

33. On information and belief, each of the Defendants has had knowledge of the '045 Patent at least since 2015.

34. The Defendants, since at least 2015, have actively induced and continue to actively induce one or more Third Parties, such as Forest River and Vanleigh, to directly infringe at least the '045 Claims. The Defendants actively induce Third Parties to directly infringe at least the '045 Claims by selling or offering to sell such Third Parties the Accused Products (*see* McManus Decl. ¶ 13) and, for example, by providing one or more of instructions, manuals, and technical assistance relating to set up, use, operation, and maintenance of the Accused Products incorporated within Recreational Vehicles. (*See, e.g.*, Forest River Audit Form, at § Vendor Responsibilities ¶ 3.) Third Parties directly infringe at least the '045 Claims by making, using, selling, and/or offering to sell Subject Recreational Vehicles. On information and belief, since at least 2015, the Defendants have actively induced one or more Third Parties to directly infringe at least the '045 Claims with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of at least the '045 Claims. The Defendants have intended and intend to cause infringement by these Third Parties.

35. The Defendants, since at least 2015, have contributed and continue to contribute to one or more Third Parties, such as Forest River and Vanleigh, directly infringing at least the '045 Claims. The Defendants sell and/or offer to sell the Accused Products to Third Parties. (*See* McManus Decl. ¶ 13.) The Third Parties make, use, sell, and/or offer to sell Subject Recreational Vehicles, thereby practicing the invention(s) of the '045 Claims. The Accused Products constitute a material part of the invention(s) of the '045 Claims by providing, for example, slide out room and flush floor capability. On information and belief, since at least 2015, each of the Defendants has known, or has been willfully blind to the fact, that the Accused Products Defendants sell and/or offer to sell Third Parties (*see id.*) are especially made and/or adapted for use with and/or in Recreational Vehicles made, used, sold, or offered for sale by Third Parties. Moreover, the Accused Products are neither a staple article of commerce nor are they suitable for substantial noninfringing uses.

## VI. <u>COUNT III: INFRINGEMENT OF U.S. PATENT NO. 6,598,354</u>

36. Plaintiff hereby re-alleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1–35, above.

37. On information and belief, each of the Defendants has directly infringed and is still directly infringing at least Claims 1–9, 12, and 15 of the '354 Patent (the "'354 Claims"), literally or under the doctrine of equivalents, by using the Subject Recreational Vehicles, including, without limitation, for purposes of quality-control, product-auditing, and/or testing activities. (*See* McManus Decl. ¶¶ 14–15; *see also* Forest River Audit Form, at § Vendor Responsibilities ¶ 1.)

38. For example, on information and belief, Defendants directly infringe at least Claim 1 of the '354 Patent because the Defendants use—including, without limitation, for purposes of quality-control, product-auditing, and/or testing activities—the Subject Recreational

Vehicles (*see* McManus Decl. ¶¶ 14–15; *see also, e.g.*, Forest River Audit Form, at § Vendor Responsibilities ¶ 1.), wherein:

(a) The Subject Recreational Vehicles are a "[t]ransportable living quarters" (*see, e.g.*, Ex. C to the FAPICs, at 1)[8];

(b) The Subject Recreational Vehicles have "a pair of longitudinally extending main frame members supporting structure defining a main living area" (*see, e.g.*, *id.* at 2);

(c) The Subject Recreational Vehicles have "a slide out room assembly slidable relative to said structure between a retracted position retracted within the main living area and an extended position extended from the main living area to provide an auxiliary living area" (*see, e.g.*, *id.* at 3–4);

(d) The Subject Recreational Vehicles' structure defining a main living area "includ[es] a main floor supported by said frame" (*see, e.g.*, *id.* at 4);

(e) The Subject Recreational Vehicles' slide out room "includ[es] a slide out room floor movable from a raised position sliding over said main floor as said slide out room slides between the extended and retracted positions to a lowered position substantially flush with the main floor as the slide out room moves into the extended position and movable from the lowered to the raised position as the slide out room is moved from the extended position" (*see, e.g.*, *id.* at 5);

(f) The Subject Recreational Vehicles have "a cantilevered beam assembly secured to an underside of the living quarters, comprised of first and

[8] As indicated in its First Amended Preliminary Infringement Contentions (*see, e.g.*, Ex. C to the FAPICs, at 1), Lippert does not concede that any preamble of the Asserted Claims constitutes a claim limitation.

second cooperating beams" (*see, e.g.*, *id.* at 6); and

(g) The Subject Recreational Vehicles' second cooperating beam member is "connected at an outer end to the slide out room assembly and being extendable relative to said first cooperating member, said second cooperating beam member being pivotal relative to said first beam member, and said second cooperating beam member being deflectable downwardly during extension, whereby said first and second cooperating beams drop the slide out room vertically as the slide out room moves from the retracted position to the extended position a distance sufficient to drop the slide out room floor from the raised to the lowered position" (*see, e.g.*, *id.* at 7–9).

39. On information and belief, each of the Defendants has had knowledge of the '354 Patent at least since 2015.

40. The Defendants, since at least 2015, have actively induced and continue to actively induce one or more Third Parties, such as Forest River and Vanleigh, to directly infringe at least the '354 Claims. The Defendants actively induce Third Parties to directly infringe at least the '354 Claims by selling or offering to sell such Third Parties the Accused Products (*see* McManus Decl. ¶ 13) and, for example, by providing one or more of instructions, manuals, and technical assistance relating to set up, use, operation, and maintenance of the Accused Products incorporated within Recreational Vehicles. (*See, e.g.*, Forest River Audit Form, at § Vendor Responsibilities ¶ 3.) Third Parties directly infringe at least the '354 Claims by making, using, selling, and/or offering to sell Subject Recreational Vehicles. On information and belief, since at least 2015, the Defendants have actively induced one or more Third Parties to directly infringe at

least the ’354 Claims with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of at least the ’354 Claims. The Defendants have intended and intend to cause infringement by these Third Parties.

41. The Defendants, since at least 2015, have contributed and continue to contribute to one or more Third Parties, such as Forest River and Vanleigh, directly infringing at least the ’354 Claims. The Defendants sell and/or offer to sell the Accused Products to Third Parties. (*See* McManus Decl. ¶ 13.) The Third Parties make, use, sell, and/or offer to sell Subject Recreational Vehicles, thereby practicing the invention(s) of the ’354 Claims. The Accused Products constitute a material part of the invention(s) of the ’354 Claims by providing, for example, slide out room and flush floor capability. On information and belief, since at least 2015, each of the Defendants has known, or has been willfully blind to the fact, that the Accused Products Defendants sell and/or offer to sell Third Parties (*see id.*) are especially made and/or adapted for use with and/or in Recreational Vehicles made, used, sold, or offered for sale by Third Parties. Moreover, the Accused Products are neither a staple article of commerce nor are they suitable for substantial noninfringing uses.

## VII. <u>CLAIMS INCIDENT TO THE DEFENDANTS’ INFRINGEMENT</u>

42. Plaintiff hereby realleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1–41, above.

43. On information and belief, the Defendants will continue to infringe the Asserted Patents, causing immediate and irreparable harm to Plaintiff, unless this Court enjoins and restrains the Defendants’ activities.

44. As a result of Defendants’ direct infringement of the Asserted Patents (*see* ¶¶ 25–26, 31–32, and 37–38, above), Plaintiff is entitled to damages in the form of a reasonable royalty, pursuant to 35 U.S.C. § 284.

45. As a result of Defendants' indirect infringement of the Asserted Patents (*see* ¶¶ 28–29, 34–35, and 40–41, above), Plaintiff is entitled to damages in the form of lost profits and/or a reasonable royalty, pursuant to 35 U.S.C. § 284.

46. The Defendants' infringement of the Asserted Patents has been, and is, willful and deliberate, making this case exceptional within the meaning of 35 U.S.C. § 285 and justifying treble damages pursuant to 35 U.S.C. § 284.

47. In addition to the Defendants' knowledge of the Asserted Patents, as described in paragraphs 20–22, 27–29, 33–35, and 39–41, above, prior to the filing of this action Plaintiff complied with the requirements of 35 U.S.C. § 287(a) with respect to the Asserted Patents.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Lippert Components Manufacturing, Inc., respectfully requests that the Court enter judgment in its favor and against Defendants, and provide Plaintiff the following relief:

A. Order, adjudge, and decree that U.S. Patent Nos. 6,182,401, 6,176,045, and 6,598,354 are valid, enforceable, and infringed by Defendants;

B. Enter a permanent injunction against Defendants enjoining them, their directors, officers, agents, employees, successors, subsidiaries, assigns, and all persons acting in privity or in concert or participation with Defendants from making, using, selling, or offering for sale in the United States, or importing into the United States, any and all products and/or services embodying the patented inventions claimed in the Asserted Patents;

C. Award Plaintiff damages for patent infringement pursuant to 35 U.S.C. § 284, and pre- and post-judgment interest as allowed by law;

D. Order, adjudge, and decree that Defendants' infringement of the Asserted Patents has been deliberate and willful, and award Plaintiff treble damages under 35 U.S.C. § 284;

E. Find that this case is "exceptional" under 35 U.S.C. § 285, and award Plaintiff its costs and reasonable attorney's fees as provided in 35 U.S.C. § 285; and

F. Award such other and further relief as the Court deems just and proper.

## IX. REQUEST FOR TRIAL BY JURY

Plaintiff respectfully requests that all issues so triable be tried by and before a jury.

Dated: November 4, 2016

Respectfully submitted,

*/s/ Andrew M. McCoy*

**FAEGRE BAKER DANIELS LLP**
David P. Irmscher (#15026-02)
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone: (260) 424-8000
Facsimile: (260) 460-1700
E-mail: David.Irmscher@FaegreBD.com

Edward A. Sullivan (#17577-71)
202 S. Michigan Street, Suite 1400
South Bend, Indiana 46601
Telephone: (574) 234-4149
Facsimile: (574) 239-1900
E-mail: Edward.Sullivan@FaegreBD.com

Daniel L. Lechleiter (#25675-49)
Andrew M. McCoy (#28297-49)
Reid E. Dodge (#32567-49)
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
E-mail: Daniel.Lechleiter@FaegreBD.com
E-mail: Andrew.McCoy@FaegreBD.com
E-mail: Reid.Dodge@FaegreBD.com

*Attorneys for Plaintiff, Lippert Components Manufacturing, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 4, 2016, I caused the foregoing document to be filed electronically with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following attorneys of record:

Joseph A. Saltiel
David J. Stein
**MASUDA, FUNAI, EIFERT & MITCHELL, LTD.**
jsaltiel@masudafunai.com
dstein@masudafunai.com

*/s/ Andrew M. McCoy*