UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| LIPPERT COMPONENTS MANUFACTURING, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CAUSE NO. 3:16-cv-263 RLM-MGG |
| MOR/RYDE, INC., and MORRYDE INTERNATIONAL, INC., | ) ) ) ) | |
| Defendants. | ) | |

OPINION and ORDER

Lippert Components Manufacturing, Inc. asks the court to reconsider its ruling granting in part and denying in part MORryde Inc. and MORryde International Inc.'s (collectively MORryde) Rule 12(b)(6) motion to dismiss. [Doc. No. 80]. Lippert requests that the court reconsider that ruling to the extent it dismissed Lippert's second amended complaint's induced and contributory infringement claims with prejudice. For the reasons that follow, the court denies the motion to reconsider.

I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 54(b) provides that a court may alter or amend an interlocutory order any time before entry of final judgment. *See* Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 12 (1983) ("every order short of a final decree is subject to reopening at the discretion of the district judge"). Unlike a motion to reconsider a final judgment, which must meet the

requirements of Federal Rules of Civil Procedure 59 or 60, "a motion to reconsider an interlocutory order may be entertained and granted as justice requires." Akzo Coatings, Inc. v. Aigner Corp., 909 F.Supp. 1154, 1160 (N.D. Ind. 1995).

Reconsideration might be appropriate when the facts or law on which the decision was based change significantly after issuance of the interlocutory order, or when "the [c]ourt has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the [c]ourt by the parties, or has made an error not of reasoning but of apprehension." Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990). "These grounds represent extraordinary circumstances, and . . . a motion to reconsider is to be granted only in such extraordinary circumstances . . . Indeed, the court's orders are not mere first drafts, subject to revision and reconsideration at a litigant's pleasure." United States Securities and Exch. Comm'n v. National Presto Indus., Inc., No. 02–C–5027, 2004 WL 1093390, at *2 (N.D. Ill. Apr. 28, 2004) (internal quotations omitted). Motions to reconsider serve a limited function: "to correct manifest errors of law or fact or to present newly discovered evidence." Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1269 (7th Cir. 1996). A party seeking reconsideration can't introduce new evidence or legal theories that could have been presented earlier or simply rehash previously rejected arguments. Id.

## II. DISCUSSION

Lippert asks the court to reconsider its dismissal of the induced and contributory infringement claims in the second amended complaint because: (1) the court erred when it held that Lippert didn't adequately plead MORryde's pre-suit knowledge of the patents-in-suit; (2) the court erred when it held that Lippert didn't adequately plead MORryde's post-suit knowledge of the patents-in-suit; and (3) the court erred when it dismissed Lippert's induced and contributory infringement claims with prejudice.

### A. MORryde's Pre-Suit Knowledge of the Patents-in-suit

Lippert argues that the court was incorrect in concluding that the second amended complaint didn't adequately allege pre-suit knowledge. First, Lippert contends that the second amended complaint's allegation "since at least 2015 [the d]efendants . . . knew of the [a]sserted [p]atents" meets the pleading requirement for pre-suit knowledge of the patents-in-suit. But Lippert made this argument in its response to MORryde's motion to dismiss and at the hearing on the motion where the court rejected it, holding it was a conclusory allegation. The court declines to address it again. *See* Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1269 (7th Cir. 1996) (a party seeking reconsideration can't simply rehash previously rejected arguments).

Lippert also asserts that the court overlooked other factual allegations in the second amended complaint that support its contention that MORryde knew of the patents-in-suit and specifically points to paragraph 21. While the court

addressed paragraph 21 when discussing whether the second amended complaint's allegations met the pleading standard, [*see* Doc. No. 74 at 30], and that alone would allow the court to deny this previously raised and rejected argument, the court will take this opportunity to address Lippert's arguments more fully than it could in its oral ruling.

Paragraph 21 reads:

On information and belief, [d]efendants, as part and in the course of their business activities, regularly and actively monitor the recreational vehicle industry and competitive intellectual property, such as the [a]sserted [p]atents. On information and belief, [d]efendants knew of the [a]sserted [p]atents, listed at http://www.lci1.com/patent-list, and knew that the Lippert Products practiced the [a]sserted [p]atents.

[Doc. No. 31 at ¶ 21]. Lippert argues that a plaintiff can sufficiently plead pre-suit knowledge by alleging that Lippert maintained a list of its patents on a website and the parties are competitors who monitor each other's intellectual property.[1] Lippert relies heavily on Trading Techs. Int'l, Inc. v. BCG Partners, Inc. to support this argument, but in that case the court specifically noted that:

The Court does not suggest that competitors may plead knowledge for the purpose of indirect infringement solely by pleading that the competitor would be monitoring the plaintiff's patent filings and any patents issued to it. However, that the litigants are competitors in the same industry is a fact that makes knowledge of the patent at issue more plausible, even if not sufficiently plausible by itself to pass muster under Iqbal.

---

[1] Lippert notes that a plaintiff can plead knowledge generally, but "the pleadings must still allege sufficient facts to support a reasonable inference of that state of mind." Radiation Stabilization Sols. LLC v. Accuray Inc., No. 11-CV-07700, 2012 WL 3621256, at *4 (N.D. Ill. Aug. 21, 2012).

<u>Trading Techs. Int'l, Inc. v. BCG Partners, Inc.</u>, No. 10 C 715, 2011 WL 3946581 at *4 n.5 (N.D. Ill. Sept. 2, 2011).

After excluding Lippert's conclusory allegation that MORryde knew of the patents-in-suit since 2015 from the plausibility analysis, <u>McCauley v. City of Chicago</u>, 671 F.3d 611, 627 (7th Cir. 2011), the only factual allegations in support of the knowledge element are that the companies were competitors and MORryde actively monitored intellectual property in the recreational vehicle industry.[2] The court agrees with Judge Kendall that such allegations don't make knowledge of the patents-in-suit "sufficiently plausible . . . to pass muster under <u>Iqbal</u>." <u>Id.</u> *See also* <u>MONEC Holding AG v. Motorola Mobility, Inc.</u>, 897 F. Supp. 2d 225, 232 (D. Del. 2012) ("[t]his court has not been convinced of the sufficiency of pleadings charging knowledge that is based upon a defendant's participation in the same market, media publicity[,] and unrelated litigation by the defendant's competitors concerning the relevant patent"); <u>EON Corp. IP Holdings LLC v. FLO TV Inc.</u>, 802 F. Supp. 2d 527, 533 (D. Del. 2011) (alleging that the defendant has knowledge of the patent-in-suit because it is a competitor in a technology industry is insufficient to state a claim for induced infringement).

---

[2] Lippert argues that the complaint's allegation that Lippert complied with the patent marking requirements of 35 U.S.C. § 287(a) provides factual support for its allegation that MORryde had knowledge of the patents-in-suit, but while marking may satisfy the notice requirement for damages, alleging marking doesn't allow the court to infer a defendant's knowledge of the patent-in-suit. *See* <u>Radware, Ltd. v. A10 Networks, Inc.</u>, No. C-13-02021-RMW, 2013 WL 5373305, at *2 (N.D. Cal. Sept. 24, 2013).

*B. MORryde's Post-Suit Knowledge of the Patents-in-suit*

Lippert next asserts that the court should reconsider its ruling because the second amended complaint itself put MORryde on notice of the patents-in-suit. Courts are split on whether alleging a complaint itself provides post-suit knowledge of the patents-in-suit sufficiently alleges the knowledge element of an indirect infringement claim. *Compare* Trading Techs. Int'l, Inc. v. BCG Partners, Inc., No. 10 C 715, 2011 WL 3946581, at *8 (N.D. Ill. Sept. 2, 2011). (where a plaintiff pleaded that the lawsuits it had filed gave the defendants notice, the court held that there was "no reason why a defendant who is directly infringing on a product should avoid liability for an indirect infringement claim when it continues to sell the allegedly infringing product and encourages others to infringe, simply because it happened to learn of the patent in connection with a lawsuit") *with* Proxyconn Inc. v. Microsoft Corp., No. SACV 11-1681 DOC ANX, 2012 WL 1835680, at *7 (C.D. Cal. May 16, 2012) (analyzing cases, including Trading Techs., and holding that "a complaint fails to state a claim for indirect patent infringement where the only allegation that purports to establish the knowledge element is the allegation that the complaint itself or previous complaints in the same lawsuit establish the defendant's knowledge of the patent").

The court needn't decide which line of cases is correct because Lippert's second amended complaint doesn't allege that the complaint itself provided MORryde with knowledge of the patents-in-suit and "[a]llegations not in the complaint may not be raised in an attempt to avoid dismissal." Nolen v. J.P.

Morgan Chase & Co., No. 314CV00382HTWLRA, 2016 WL 5794575, at *3 (S.D. Miss. Sept. 30, 2016). *See also* McCauley v. City of Chicago, 671 F.3d 611, 618 (7th Cir. 2011) (generally a court can only consider the factual allegations in the complaint to determine whether the plaintiff has stated a facially plausible claim).

## *C. Dismissal with Prejudice*

Lippert argues that the court's misunderstanding of the procedural posture of the case caused it to err in dismissing the indirect infringement claims with prejudice. Lippert correctly notes that courts should liberally allow amendments to the pleadings so that cases may be decided on the merits. *See* Bogie v. Rosenberg, 705 F.3d 603, 608 (7th Cir. 2013) (when a court grants a motion to dismiss a claim, "the plaintiff should ordinarily be given an opportunity, at least upon request, to amend the complaint to correct the problem if possible"). But a court needn't grant leave to amend in every circumstance. "[D]istrict courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." Arreola v. Godinez, 546 F.3d 788, 796 (7th Cir. 2008).

Lippert has filed a complaint and two amended complaints in this case. MORryde has responded to each complaint with a Rule 12 motion. Lippert contends in its brief that it should be afforded the opportunity to amend its complaint for a third time because, according to Lippert, MORryde argued for

the first time in its motion to dismiss the second amended complaint that Lippert

hadn't properly alleged knowledge of the patents-in-suit.

As Lippert appears to acknowledge in its reply, MORryde's motion to

dismiss the original complaint addressed Lippert's knowledge allegations,

asserting that "[s]imply because Lippert has a passive website listing its patent

is insufficient to support an allegation of knowledge of the patent and of any

infringement." [Doc. No. 15 at 11]. Lippert filed an amended complaint in

response to MORryde's motion and then filed a second amended complaint

following another Rule 12 motion, but didn't remedy the deficiency raised by

MORryde. The court declines to reconsider its decision to dismiss the indirect

infringement claims with prejudice because such a dismissal is proper when "the

plaintiff has repeatedly failed to remedy the same deficiency." Airborne Beepers

& Video, Inc. v. AT & T Mobility LLC, 499 F.3d 663, 666 (7th Cir. 2007) (quoting

General Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1085 (7th

Cir. 1997)).

Lippert also contends in its motion that that newly discovered evidence

demonstrates that MORryde had actual pre-suit knowledge of the patents-in-

suit or was willfully blind to them and, therefore, the court should reconsider its

ruling dismissing the indirect infringement claims and allow Lippert to amend

its complaint for a third time to prevent manifest injustice.[3] Lippert asserts that

---

[3] In its brief in support of its motion, Lippert argued that this evidence also
provided grounds for the court to reconsider its ruling dismissing Lippert's indirect
infringement claims. As Lippert appears to recognize in its reply brief, the purpose of a
Rule 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, so the court
can't consider this evidence, which wasn't included in the complaint, to reconsider

opposing counsel recently informed it that MORryde has installed Lippert products onto RV chassis, including products that were marked with the patents at issue in this case. In a supplement to its motion, [Doc. No. 94], Lippert points to deposition testimony by Ryan Kinney where he testifies, among other things, that MORryde installed Lippert products.

The court disagrees that this "newly discovered evidence" provides the court with grounds to reconsider its dismissal of Lippert's indirect infringement claims with prejudice, which amounts to denying Lippert the opportunity to file a fourth complaint. Lippert acknowledges in its reply that it possessed the evidence that it had shipped its products to MORryde. Newly discovered evidence doesn't provide grounds for reconsideration unless the movant "could not with reasonable diligence have discovered and produced such evidence during the pendency of the motion." Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1269 (7th Cir. 1996). Notwithstanding Lippert's argument that it wasn't aware that it had this relevant information and shouldn't be punished for being unable to locate it in its voluminous records, it hasn't demonstrated that it couldn't have produced the evidence with due diligence. For these reasons and because nothing else Lippert cites from Mr. Kinney's testimony persuades this court to deviate from its decision to dismiss the indirect infringement claims with prejudice, the court declines to reconsider its ruling dismissing the indirect infringement claims with prejudice.

---

whether to dismiss the indirect infringement claims. *See* Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990).

## III. Conclusion

Based on the foregoing, the court DENIES the Lippert's motion to reconsider [Doc. No. 80].

SO ORDERED.

ENTERED:  <u>January 10, 2018</u>


<u>/s/ Robert L. Miller, Jr.</u>
Judge, United States District Court